F I L E D
United States Court of Appeals
Tenth Circuit

JUN 15 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

SOLOMON LEE FORD,

     Petitioner-Appellant,

v.

UTAH BOARD OF PARDONS,

     Respondent-Appellee.

No. 98-4144
(D. Utah)
(D.Ct. No. 97-CV-645-K)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Appellant Solomon Lee Ford, a state inmate appearing *pro se*, appeals the

_____

     [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's decision dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We reverse the district court's decision and remand for a decision in accordance with this order and judgment and the reasons articulated herein.

A Utah state trial court convicted Mr. Ford for possession of a weapon by a restricted person. After various state court post-conviction proceedings, Mr. Ford filed his § 2254 petition. The district court referred the matter to a magistrate judge who, on June 17, 1998, issued a Report and Recommendation recommending the district court dismiss the petition for procedural default and advising Mr. Ford of his right to file any objections within ten days of receipt. On July 1, 1998, Mr. Ford filed an "affidavit for extension of time" to respond to the Report and Recommendation. In a July 9, 1998 order, the district court granted Mr. Ford's request and gave him until "5:00 p.m. on August 3, 1998" to file his objections. On July 22, 1998, apparently due to an oversight, the district judge prematurely adopted the magistrate judge's Report and Recommendation and dismissed the petition prior to receipt of Mr. Ford's objections. In the decision, the district court states "Petitioner filed an objection to the Magistrate's Report and Recommendation." However, the record does not show that Mr. Ford subsequently filed his objections.

Following the district court's decision, Mr. Ford appealed. However, he does not argue the district court's premature decision denied him the opportunity to file his objections, but instead appears to contend he did not procedurally default his claims. Nevertheless, because we review the legal basis for the district court's dismissal of Mr. Ford's § 2254 petition *de novo*, *see Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir.), *cert. denied*, 119 S. Ct. 378 (1998), we believe the absence of Mr. Ford's objections, following his request for an opportunity to file those objections, prevents us from conducting a full and fair *de novo* review. Thus, we **REVERSE** and **REMAND** this case to the district court for the purpose of allowing Mr. Ford an opportunity to file his objections to the magistrate judge's Report and Recommendation.

Given the present disposition of this appeal, we find no reason to rule on Mr. Ford's motion to withdraw his appeal without prejudice pending his retention of counsel and request for a certificate of appealability.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge